UNITED STATES *v.* SCHOEN & CO., INC. (No. 3565)[1]

United States Court of Customs and Patent Appeals, January 3, 1933

*Charles D. Lawrence,* Assistant Attorney General (*Thomas J. McKenna,* special attorney, of counsel), for the United States.

*Puckhafer, Rode & Tompkins* (*J. Stuart Tompkins* of counsel) for appellee.

---

[1] T. D. 46133.

[Oral argument December 5, 1932, by Mr. McKenna; submitted on brief by appellee]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

The question involved in this appeal is whether or not certain embroidered blouses and certain silk skirts, matched in color, are dutiable under the separate provisions of law applicable to each article, rather than as entireties.

The merchandise was entered at the port of Baltimore, Md., on December 27, 1930. It was classified by the collector as entireties and dutiable as embroidered wearing apparel at 90 per centum ad valorem under the provisions of paragraph 1529 (a) of the Tariff Act of 1930.

Appellant duly filed protest against such classification and assessment for duty, claiming that the silk skirts were dutiable at 65 per centum ad valorem as silk wearing apparel under paragraph 1210 of said tariff act. The classification of the embroidered blouses was not contested.

Upon the trial in the United States Customs Court appellee introduced the testimony of one witness; the Government offered no testimony.

The testimony shows that an equal number of the skirts and blouses were imported together and were matched as to color; that the prices of the skirts and blouses were separately invoiced, and, while the articles are usually sold together, they were offered for sale separately, the blouses being priced higher than the skirts; that there were no corresponding markings or tags on the blouses and skirts indicating that either one was to be used with the other.

The lower court held that the merchandise involved was improperly classified by the collector as entireties, affirmed the classification of the embroidered blouses at 90 per centum ad valorem under the provisions of paragraph 1529 (a), *supra*, and held the silk skirts to be dutiable at the rate of 65 per centum ad valorem under paragraph 1210, *supra*, as claimed by appellee. Judgment was entered accordingly, and from such judgment this appeal is taken.

The Government contends that the imported blouses and skirts are entireties for customs purposes and that they were properly classified by the collector. In support of its position it relies upon the decision of this court in the case of *Altman & Co.* v. *United States*, 13 Ct. Cust. Appls. 315, T. D. 41232, wherein, after reviewing a number of cases upon the subject of entireties in a tariff sense, the court said:

A consideration of these pronouncements of the courts leads to the conclusion that if an importer brings into the country, at the same time, certain parts, which are designed to form, when joined or attached together, a complete article of

commerce, and when it is further shown that the importer intends to so use them, these parts will be considered for tariff purposes as entireties, even though they may be unattached, or inclosed in separate packages, and even though said parts might have a commercial value and be salable separately.

This language relied upon by the Government is not applicable to the case at bar for the reason that there is nothing in the record to show that the said blouses and skirts were designed to form, when joined or attached together, a complete article of commerce, or that the importer intended so to use them, but on the contrary the testimony affirmatively shows that the said skirts and blouses were not designed to form a complete article of commerce, nor were they used as such by the importer.

In the opinion of the lower court it was stated that the decision in the case at bar was controlled by the decision of this court in the case of *United States* v. *Kalter Mercantile Co. et al.*, 11 Ct. Cust. Appls. 540, T. D. 39680, which involved the question of whether or not rubber boots, fitted with rubber loops, and leather straps imported with them, were entireties. In the opinion this court said:

We are of the opinion that even though it be considered that the boots and the straps were designed to be used together, when desired, and were sold together by the importers, yet, when used together, each retains its identity, name, and character; each is a separate entity; and when attached, each performs its separate function without loss of any of its essential characteristics. The boot remains a boot and the leather strap remains a leather strap. When separated the boot remains useful as a boot. It retains its commercial entity and remains complete in itself, a rubber boot. The leather strap also retains its essential character and commercial entity, and remains complete in itself, a leather strap, or, as has been suggested, a leather belt.

Judge Tilson, writing the opinion for the court below, correctly stated that—

Even though the skirts and blouses in this case, when desired, were sold together by the importers, yet, when used together, each retains its identity, name, and character; each is a separate entity, and when worn together, or attached, each performs its separate function without loss of any of its essential characteristics. The skirt remains a skirt, and the blouse remains a blouse. When separated the skirt remains useful as a skirt. It retains its commercial entity and remains complete in itself, a skirt. Likewise, the blouse retains its essential character and commercial entity, and remains complete in itself, a blouse.

We are in agreement with the views of the lower court above quoted. Clearly the facts shown by the record do not bring the merchandise here involved within the doctrine of entireties as declared by this court in *United States* v. *Kalter Mercantile Co., supra*, and in a large number of cases reviewed in the opinion in said case.

For the reasons stated, the judgment appealed from is *affirmed*.

CONCURRING OPINION

BLAND, Judge, specially concurring: I specially concur in the conclusion reached by the majority in this opinion. I think the case is strengthened by setting out more of the pertinent facts.

The testimony shows that while the two garments were matched as to color, they were often sold separately, and that the importer had left over in his store 21 blouses more than he had skirts, although the same number of each had been imported. This was due to the fact that the skirts could be bought separately and that he sold black skirts with colored blouses.

The general manager for the importer testified that he bought colored blouses and sold them with black skirts and bought them on the same invoices "in this shipment." There is some doubt as to whether the witness meant to say that the black skirts were imported by him or bought elsewhere. At any rate the testimony shows that there is nothing about the colored blouse which makes its use dependent upon the particular skirt of the same color.

Under the well-settled pronouncements of this and other courts respecting entireties it would seem wholly illogical to conclude that the blouses and skirts formed entireties when the evidence shows such a lack of interdependence as permits the blouse to be worn separate from the imported skirt and with a skirt of wholly different color and characteristics.